**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LARREACE ROLLINS and JYWANZA MOORE,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 26-00130-JB-B** |
| | ) |
| **MOBILE MITSUBISHI, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on *pro se* Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. 4). For the reasons set out below, the Court concludes the Motion is due to be DENIED.

On April 14, 2026, *pro se* Plaintiffs filed a complaint asserting causes of action under the Magnuson-Moss Warranty Act, for breach of warranty, and for revocation of acceptance. (Doc. 1). Plaintiffs claim they purchased a vehicle from Defendant Mitsubishi in Mobile. Plaintiffs dealt with Defendant Skoglund acting as Mitsubishi's agent. Plaintiffs allege the vehicle has experienced mechanical problems since their purchase. They claim Defendants made misrepresentations prior to and after the purchase and failed to perform repairs, causing them to incur expenses and other damages. Plaintiffs claim the vehicle is now "unusable."

In conjunction with their Complaint, Plaintiffs filed the instant Motion expressly pursuant to Rule 65. (Doc. 4). Under Rule 65, a temporary restraining order ("TRO") may be granted without notice only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* means without notice to and the participation of the opposing party, and *ex parte* relief is to be granted sparingly. "The stringent restrictions imposed ... by Rule 65, on the availability of *ex parte* temporary restraining orders, reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974).

Plaintiffs' Motion has numerous deficiencies. Plaintiffs failed to make the required clear showing of immediate and irreparable harm. Further, Plaintiffs failed to certify in writing any efforts they made to give notice to Defendants and the reasons why notice to Defendants should not be required. Plaintiffs have not satisfied the requirement of Rule 65.

Accordingly, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction is DENIED without prejudice.

**DONE and ORDERED** this 18th day of April, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

2