**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARREACE ROLLINS, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00130-JB-B** |
| | * | |
| **MOBILE MITSUBISHI, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on review. Plaintiffs Larreace Rollins and Jywanza Moore ("Plaintiffs"), who are proceeding without an attorney, filed a civil complaint and two motions to proceed without prepayment of fees. (Docs. 1, 2, 3). Upon review of Plaintiffs' filings, the Court found that Plaintiffs' motions to proceed without prepayment of fees were deficient and that their complaint failed to establish a basis for federal jurisdiction. (Doc. 6). Thus, Plaintiffs were ordered to file new motions to proceed without prepayment of fees, or to pay the $405.00 filing fee, on or before June 19, 2026. (Id. at 3). Additionally, Plaintiffs were ordered to file an amended complaint on or before June 19, 2026. (Id. at 9). The docket reflects that to date, the Plaintiffs have not filed new motions to proceed without prepayment of fees, paid the $405.00 filing fee, or filed an amended complaint with corrected jurisdictional allegations. Accordingly, the undersigned **RECOMMENDS** that the Plaintiffs'

complaint be **DISMISSED without prejudice** for failure to prosecute and to follow the Court's order.

## I. BACKGROUND

On April 14, 2026, Plaintiffs filed the instant action in connection with the purchase of an allegedly defective vehicle in Mobile, Alabama. (Doc. 1). Plaintiffs asserted that the Court had federal question jurisdiction over this action because it arose "under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq." (the "MMWA") and that the Court had "supplemental jurisdiction over state law claims under 28 U.S.C. § 1367[.]" (Id. at 1). In an order dated May 28, 2026, the undersigned outlined the requirements for a complaint seeking relief under the MMWA, which, *inter alia*, is not cognizable in federal court if the amount in controversy is less than $50,000. (Doc. 6 at 3-9). The undersigned found that because the complaint failed to plausibly allege that the amount in controversy met the MMWA's $50,000 minimum,[1] Plaintiffs' complaint failed to provide the Court with a basis to exercise federal subject matter jurisdiction over this action. (Id. at 7-9). Thus, Plaintiffs were ordered to file an amended complaint setting forth a valid basis for this Court's subject matter jurisdiction and for the exercise of supplemental

[1] The undersigned noted that Plaintiffs did not allege the purchase price of the vehicle at issue nor did they allege whether a warranty at issue was paid for in addition to the vehicle's purchase price. (Doc. 6 at 9).

jurisdiction over their pendent state law claims, on or before June 19, 2026. (Id. at 9-10).

The undersigned also found deficiencies with Plaintiffs' motions to proceed without prepayment of fees. (Doc. 6 at 1-3). Plaintiffs did not provide information about their monthly expenses nor the total amount of cash held in their bank accounts or other accounts. (Id. at 2-3). Because Plaintiffs' motions did not provide enough information about their finances to enable the Court to determine each Plaintiff's ability to pay the statutory filing fee for this action, the undersigned ordered Plaintiffs to either file new motions to proceed without prepayment of fees on the Court's form, or to pay the $405.00 filing fee, on or before June 19, 2026. (Id. at 3).

The Court's May 28, 2026 order and accompanying documents were mailed to Plaintiffs at their address of record in Florida and have not been returned to the Court as undeliverable. The docket reflects that Plaintiffs have not filed an amended complaint nor filed new motions to procced without prepayment of fees. And the filing fee remains unpaid. Plaintiffs have not requested an extension of time to comply with the Court's order nor offered any explanation for their failure to comply with the Court's order.

## II. DISCUSSION

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply

with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute or failure to comply with a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Plaintiffs have failed to comply with the Court's order dated May 28, 2026, have failed to seek additional time in order to comply, and have offered absolutely no explanation for their inaction. At this juncture, Plaintiffs' inaction strongly suggests that they have lost interest in and abandoned the prosecution of this action. In light of Plaintiffs' failure to prosecute this action and to comply with this Court's order, it is recommended that this action be **DISMISSED without**

**prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce Plaintiffs' compliance.

## III. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** due to Plaintiffs' failure to prosecute and failure to obey the Court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**ORDERED** this **5th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**